J-S57023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT FULLER | |
| Appellant | No. 62 EDA 2014 |

Appeal from the Judgment of Sentence December 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003251-2013

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:               **FILED OCTOBER 10, 2014**

Appellant, Vincent Fuller, appeals from the December 4, 2013 aggregate judgment of sentence of five to ten years' imprisonment followed by five years' probation, imposed after the trial court found him guilty of possession of firearms prohibited, firearms not to be carried without license, and carrying firearms public in Philadelphia.[1]  After careful review, we reverse.[2]

The trial court has set out the relevant procedural history of this case as follows.

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

[2] We note the Commonwealth was granted an extension to file its brief by July 29, 2014, with no further extensions. *Per Curiam* Order, 6/2/2014. The Commonwealth filed its brief on September 24, 2014 and is thus untimely.

On October 19, 2012, [Appellant], … was arrested and was charged with VUFA-former conviction, firearms not to be carried without a license, and carrying firearms public street/place for events that occurred on October 18, 2012, in the vicinity of the 5200 Block of N. 15th Street in the City and County of Philadelphia. A [bench] trial was conducted before [the trial court] on October 7, 2013.

At the conclusion of the trial, [Appellant] was found guilty of all charges. … On December 4, 2013, [the trial court] imposed a sentence of five (5) to ten (10) years of incarceration on the conviction for VUFA-former conviction, followed by a five (5) year period of probation on the conviction for carrying firearms without a license. No further penalty was imposed on the conviction for firearms public street/place.

Trial Court Opinion, 3/18/14, at 1-2 (footnotes omitted). Appellant did not

file a post-sentence motion. On January 2, 2014, Appellant filed a timely

notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

[1] Was the evidence sufficient to sustain the convictions for violation of the uniform firearms act?

Appellant's Brief at 5.

Our standard of review on a claim challenging the sufficiency of the

evidence is well settled.

There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all

_____

[3] Appellant and the trial court have timely complied with Pa.R.A.P. 1925.

reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable the fact-finder to conclude the Commonwealth established all of the elements of the offense beyond a reasonable doubt.

*Commonwealth v. Morales*, 91 A.3d 80, 87 (Pa. 2014) (citation omitted).

"The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted). A successful sufficiency of the evidence challenge warrants discharge. *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa. Super. 2012) (citation omitted).

With these principles in mind, we turn to Appellant's challenge to the sufficiency of the evidence supporting his convictions in the instant case.

The relevant statutes under which Appellant was convicted provide as follows.

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.--**
>
>> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length sentence or whose conduct meets the criteria in subsection (c), shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
>> …
>
>> **(i) Firearm.—**As used in this section only, the term "firearm" shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.
>
>> …

18 Pa.C.S.A. § 6105.

> **§ 6106. Firearms not to be carried without a license**
>
> **(a) Offense defined--**
>
>> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

…

*Id.* § 6106(a)(1).

### § 6108. Carrying firearms on public streets or public property in Philadelphia

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

>   (1) such person is licensed to carry a firearm; or

>   (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

*Id.* § 6108.

Appellant asserts that "[t]he evidence is insufficient to sustain all three convictions for Violation of the Uniform Firearms Act." Appellant's Brief at 9. Specifically, Appellant contends that the Commonwealth did not prove the possession element of the offenses beyond a reasonable doubt "because the only evidence against him was the weak, inconclusive, and uncorroborated testimony of a witness." *Id.* at 11.[4]

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude there is insufficient evidence

---

[4] The trial court found the testimony of the witnesses credible at trial. Trial Court Opinion, 3/18/14, at 5. After reviewing the trial transcript, however, the trial court now concludes that the evidence presented at trial "is not sufficient to sustain the conviction." *Id.* The trial court further concludes "the guilty verdicts on all charges should be vacated and the case remanded for dismissal." *Id.* at 6.

to support Appellant's convictions for possession of firearms prohibited, firearms not to be carried without license, and carrying firearms public in Philadelphia.

> [E]vidence sufficient to implicate an accused in a crime must be something more than evidence showing remote connection between the accused and the crime, or evidence that merely raises a suspicion of guilty intention…. An accused is entitled to an acquittal if his guilt of the crime charged is not the only reasonable interpretation of which the facts adduced against him are susceptible. Guilt must be proved and not merely conjectured.

*Commonwealth v. Barker,* 70 A.3d 849, 854-855 (Pa. Super. 2013) (*en banc*) (citations omitted), *appeal denied,* 87 A.3d 814 (Pa. 2014). "[A] verdict of guilt may not be based upon surmise or conjecture. … [W]here evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding." *Commonwealth v. Karkaria,* 625 A.2d 1167, 1170 (Pa. 1993).

At trial, the Commonwealth presented the testimony of an eyewitness, Timothy Bonds, and Philadelphia Police Detective Robert Hassel.[5] During his direct examination at trial, Bonds testified that, while walking home on the 5200 block of North 15th Street in Philadelphia, he saw "a couple people

_____

[5] The only other evidence presented by the Commonwealth was a certificate of non-licensure. N.T., 10/7/12, at 49. This element is not contested by Appellant.

arguing." N.T., 10/7/12, at 17-18. Bonds testified that the argument was between a woman and Appellant's brother, and as Bonds walked by the argument, Appellant asked Bonds "…was [Appellant's] brother up the street[?] I answered yeah." *Id.* at 18. Bonds continued to walk home when he heard "a loud smack." *Id.* Bonds testified that when he turned around, "… the crowd that was with [Appellant's] brother … was dispersing, and I saw [a woman] running up the street waiving a gun and shooting." *Id.* Bonds heard "a couple more shots," and saw smoke coming from Appellant's hands. *Id.*

Bonds testified he did not remember what type of gun he thought Appellant possessed, but he heard "altogether maybe nine or ten shots." *Id.* at 19. The Commonwealth then attempted to refresh his recollection with a prior written statement made by Bonds. *Id.*, Commonwealth's Exhibit, C-1, Statement of Timothy Bonds, Jr., 10/18/12; *see also* Pa.R.E. 612 (permitting, under certain circumstances, the use of a writing to refresh a witness's memory).

> [Commonwealth:]
>
> Q. Sir, if I showed you your statement, would that help you refresh your recollection, your memory?
>
> [Bonds:]
>
> A. Maybe, yes, ma'am.
>
> …

Q.      Does that help you remember what type of gun
it was in his hand?

A.      It **says here** a silver revolver.

Q.      ... And how many shots did he fire?

A.      At least six.

Q.      And where did [Appellant] go after you heard
the shooting?

A.      I don't know.  I don't know.

N.T., 10/7/12, at 17-18 (emphasis added).

On cross-examination, Bonds testified approximately six people were in the crowd where the argument between Appellant's brother and the woman was occurring.  *Id*. at 25.  He saw the woman chasing people and "pull out her gun and start shooting."  *Id.* at 26-27.  Counsel for Appellant admitted into evidence the same statement as the Commonwealth's C-1, to impeach Bonds' testimony.  *Id.* at 30, 53, Defense's Exhibit, D-2, Statement of Timothy Bonds, Jr., 10/18/2012; *see also* Pa.R.E. 613 (permitting, under certain circumstances, the use of a witness's prior inconsistent statement for impeachment).  When asked why his prior statement did not indicate the woman shot first, Bonds answered, "I must have misunderstood the question, but I saw who fired first."  N.T., 10/7/12, at 30.  He further testified the statement was typed wrong, and that he told detectives he saw the woman "pull a gun out and start shooting."  *Id.* at 32-33.  The cross examination continued, and Bonds testified he did not remember if he saw a

gun.  *Id.* at 36.  He then testified, "I heard gunshots and I turned around.  I didn't actually see [Appellant] shooting, but I heard gunshots."  *Id.*

On re-direct examination, the Commonwealth again approached Bonds with his prior statement.  *Id.* at 38.  Bonds acknowledged the statement read, "I actually saw [Appellant] pull his gun out and start shooting[,]" but continued "[t]hat's what it says on there.  I never saw him pull a gun."  *Id.* at 38-39.  The Commonwealth asked him about another portion of his statement which read, "I saw [Appellant] pull his gun out and start shooting. … I heard the shots, and I saw [Appellant] pull his gun out and start shooting."  *Id.* at 40.  Bonds responded that he did not remember saying that.  *Id.*  We note the Commonwealth never sought admission of this statement as substantive evidence.  *See* Pa.R.E. 803.1(1) (permitting, under certain circumstances, the admission of a witness's prior inconsistent statement as substantive evidence as an exception to the hearsay rule).

The Commonwealth next called Detective Hassel who testified Bonds identified Appellant from a photo array.  N.T., 10/7/12, at 46-47.  On cross-examination, Detective Hassel testified that the investigation never recovered a gun nor was any evidence against Appellant recovered through a search of Appellant's residence.  *Id.* at 47-48.

After reviewing the entire record, and viewing all evidence actually received in the light most favorable to the Commonwealth, we conclude that insufficient evidence was produced at trial to find Appellant possessed a

firearm beyond a reasonable doubt. During his direct and cross-examinations, Bonds testified that he merely heard shots fired, but he never saw Appellant with a gun. We recognize that Bonds provided different and more detailed information in his prior written statement. However, Bonds did not endorse that version of events when confronted with the statement during his trial testimony and, as noted, the Commonwealth never sought the admission of the statement as substantive evidence.

Thus, the trial testimony Bonds provided, establishes there was an argument involving Appellant's brother, a crowd of approximately six people were in the immediate area, and a woman began shooting. Bonds identified Appellant as arriving at the scene about the same time as himself. Bonds related that the woman produced a gun and started shooting. He heard other shots and saw smoke but never saw Appellant with a gun. The Commonwealth produced no other evidence of Appellant's alleged possession of a firearm.

Such evidence compels us to conclude that no probability of fact can be drawn in favor of meeting the element of possession. **See Watley, supra** at 113. Moreover, to find Appellant possessed a firearm based on the testimony of Bonds that he saw smoke coming from Appellant's hands, but never saw Appellant pull or shoot a gun would require the factfinder to engage in conjecture and merely surmise possession, which is insufficient to support a finding of guilt. **See Karkaria, supra** at 1170. While

circumstantial evidence may be sufficient to prove the element of possession, the evidence adduced against Appellant arguably supporting an inference of possession of a firearm is not the only reasonable interpretation to which the evidence is susceptible. Therefore, guilt has not been proved. ***See Barker, supra*** at 855.

Based on the foregoing, we conclude the Commonwealth set forth insufficient evidence to prove Appellant guilty of possession of firearms prohibited, firearms not to be carried without license, and carrying firearms public in Philadelphia beyond a reasonable doubt. ***See Morales***, ***supra*** at 86. Accordingly, the trial court's December 4, 2013 judgment of sentence is reversed and we order Appellant discharged.

Judgment of sentence reversed. Appellant discharged. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014